## JAMES F. BOYD *v.* JOSEPH H. ESTIS et al.

Gratuitous bailees are not liable, except for losses occasioned by their fraud or gross negligence.
A package of bank notes was delivered by the agents of plaintiff on board a steamboat for transportation, the amount of which was specified on the face of the package and the attention of the officers called to its value—*Held :* That *gross negligence* is fairly to be inferred, from the fact that the officers of the boat could give no account whatever of its disposition.

APPEAL from the Second District Court of New Orleans, *Lea,* J.
*Bonford,* for plaintiff.   *Singleton,* for defendants and appellants.

SPOFFORD, J.   The plaintiff seeks to recover the sum of $2,850, from the defendant, it being the amount of a package of bank notes alleged to have been delivered by his agents on board the steamer Frank Lyon, of New Orleans, for transportation to Lake Providence, but never restored to him or carried to its destination.

The answer of the defendants was a general denial, and they have appealed from a judgment rendered against them upon the verdict of a jury.

They contend that the package was never received by any officer of the Frank Lyon, for the purpose of carrying it to Lake Providence.

Upon this point, there is the positive testimony of two witnesses in favor of the plaintiff's assertion, witnesses who were deemed credible by the court and jury before whom they were examined.

We find no evidence in the record, which countervails this positive testimony.

But the defendants further say, if they did receive the money, they charged nothing for its transportation, and, therefore, cannot be responsible for its loss, except upon proof of gross negligence on their part, the burden of proving which devolves upon the plaintiff.

This line of defence is not quite consistent with the first position they assumed, to wit, that there was no bailment.

The general rule is, that gratuitous bailees are not liable except for losses occasioned by their own fraud or gross negligence.

But we think that gross negligence in this case is fairly to be inferred from the fact, that the defendants can give no account whatever of the disposition of the package after they received it. The amount of money inclosed was specified on the face of the letter, and the attention of the officer who received it was called to the fact of its value. In the exercise of even slight diligence, he should have put it away immediately in a safe place.

Judgment affirmed.