## DENNIS HILLS, Administrator, *v.* DANIELS & LONG.

Where the contract of deposit stipulates no reward for the preservation of the thing deposited, and the depositary acts at the request of the owner, he is not bound to use more than ordinary prudence.

The proof of negligence on the part of a depositary is sufficient to render him liable for the loss of cash deposited with him ; but in order to establish his liability for a draft that has disappeared, it is necessary that the depositor show some loss he has incurred by its disappearance.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.
*Wm. H. Hunt & Denègre*, for plaintiff.   *Michel & Koontz* and *Race & Foster*, for defendant and appellant.

VOORHIES, J.   *W. H. Henderson*, a passenger on board the Bonita, owned by the defendants, deposited in the latter's hands, for safe keeping, the sum of $1130 in gold, the sum of $405 in paper money, and a sight draft for the sum of $1400.

When the boat reached the city, *Henderson* went ashore and came back in the course of an hour, accompanied by three persons. He asked for the money deposited ; and the defendants, if one of the witnesses must be believed, refused to comply. Another witness testifies to the contrary. Be this as it may, *Henderson* subsequently requested *Captain Daniels* to have the articles deposited for safe keeping in the city until the next day, when the former intended to leave on a boat.

*Daniels* deposited the money and draft in the hands of *J. Speake & Co.*, his commission merchants. The articles were placed in an iron safe for the night, it being understood, that they would be claimed the next day. The next morning, the money and the draft had disappeared from the safe.

The question is now raised, as to the liability of the owners of the boat and of their commission merchant for the restitution of the deposit.

So far as *Daniels & Long* are concerned, we are satisfied, from the evidence, that they acted prudently in depositing the articles in the hands of their commission merchant, with whom they had been dealing for a considerable time, and whose standing or credit at the time, was good. This was a gratuitous contract, and the depositary was acting at the request of the owner. The defendants, *Daniels & Long*, therefore, were not bound to use more than ordinary prudence. C. C. 2908.

The defendants, *J. Speake & Co.*, have not accounted satisfactorily for the loss of the property deposited with them ; the evidence upon which they rely to prove the larceny of the money and of the draft, besides being incomplete, implies negligence on their part. Their liability attaches fully for the amount of cash deposited with them. C. C. 2928. But, as regards the draft, the case is different. The plaintiff has not shown any loss incurred in consequence of the disappearance of this instrument.

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed.

It is further decreed, that the plaintiff's demand against the defendants, *Daniels & Long*, be rejected, with costs in both courts.

And it is further ordered and decreed, that the plaintiff, *D. Hills, adm'r*, do have judgment against *J. Speake & Co.* for the sum of fifteen hundred and thirty-five dollars, with legal interest from judicial demand ; the defendants paying the costs of plaintiff's suit in the court below, and the plaintiff paying the costs of appeal.

Land, J., absent.