## No. 32.—Schwartz, Kauffman & Co. v. Marx Baer.

. In order to avoid liability for the loss of cotton on storage, the warehouse keeper must show that the loss occurred without his fault. He can not be relieved by showing that the loss occurred by an overpowering force. He must also show that he used all possible means to preserve it.

APPEAL from the District Court, parish of Caddo. *Weems, J.* *John W. Jones,* for plaintiffs and appellees, *Looney & Wells* for defend- ant and appellant.

HOWELL, J. This suit is brought on the following instrument:

" The underigned, Marx Baer, of Shreveport, La., acknowledges to be justly and lawfully indebted to Messrs. Schwartz, Kauffman & Co., of New Orleans, in the full sum of ten hundred and seventy dollars and

76

ninety-one cents; for the liquidation of said debt, I hereby bind myself to hold, subject to the order of Schwartz, Kauffman & Co., an equivalent amount of cotton, at the rate of, say, ten cents per pound; said cotton to be delivered whenever called for, and as before stated, to be entirely under the control of Schwartz, Kauffman & Co., they paying me storage for holding the number of bales to cancel their claim against me, until such time as delivered to them or their order. The storage above to commence from this day, and the article of cotton to be that known in the market as middling quality.

"Done in New Orleans on the nineteenth day of February, 1862, and signed in presence of witnesses.

    (Signed)          "SCHWARTZ, KAUFFMAN & CO.
                         "M. BAER."

Plaintiffs ask for the delivery or value of the cotton.

Defendant, besides the general denial, alleges a discharge of his obligations, or delivery to and acceptance by plaintiffs of said cotton, and avers that by an overpowering force, after the weighing, marking and storing of the cotton in plaintiffs' name, it was moved from Shreveport beyond his control, and if it has been lost, it was not by his neglect. Judgment was rendered against him for $3319 80, with costs, and he has appealed.

It is shown that, on the twenty-eighth of April, 1862, the defendant caused *twenty-two* bales of cotton weighing ten thousand five hundred and twenty-four pounds and then stored in the warehouse of Howell & Buckner, in Shreveport, to be marked for and transferred on the books of the warehouse to plaintiffs; took a warehouse receipt therefor and inclosed it on that day in a letter to plaintiffs in New Orleans. This letter appears not to have been received. The city of New Orleans was about that time taken possession of by the Federal forces, to the knowledge of defendant, while Shreveport remained in the possession of the Confederate forces until May or June, 1865.

This action of the defendant did not change his obligations to the plaintiffs, and did not amount to a delivery as contemplated by his agreement in writing. He was bound to hold the cotton subject to their order and control, and was entitled to storage until delivered to them or their order.

It appears that he had other cotton in the same and two other warehouses, and admitting that it was all removed by overpowering force, he was bound to give the same care to the cotton set apart by him for plaintiffs as to his own, and to be relieved from his contract with plaintiffs he must show that the cotton was lost without his fault. This he has not done. Having taken upon himself the custody of the cotton until delivered to plaintiffs, he was bound to use due diligence in preserving it for them, until that event, unless they were in fault in

demanding it. They seem to have demanded it as soon as circumstances would permit, and defendant has not satisfactorily accounted for its non-delivery. Judgment should be changed so as to give him the alternative of delivering the cotton as is asked for in the amended petition and reserve to him the right to claim any storage due him.

It is therefore ordered that the judgment appealed from be reversed, and that plaintiffs have judgment against defendant for the delivery of ten thousand seven hundred and nine pounds of cotton, of middling quality, or, in default of such delivery, for the sum of three thousand three hundred and nineteen dollars and eighty cents, with legal interest from judicial demand, eighteen dollars cost of commission, and costs in the lower court, reserving to the defendant the right to claim storage according to the stipulations of the contract sued on. Costs of appeal to be paid by appellees.