## No. 378.

J. A. WILLARD v. W. D. BRIGHAM. WOODRUFF NORSWORTHY et als., Third Opponents.

Under the statutory provisions of the United States, the property of a bankrupt may be sold free of incumbrances by order of the bankrupt court.

But to sell property free of incumbrances, the assignee must apply to the bankrupt court for an order to that effect, and must set forth the facts that justify the application, so that the judge may decide whether it shall be granted, and the secured creditor must be properly notified and summoned to appear and protect his interests. Otherwise, being the holder of a prior mortgage and not being a party to the proceedings, he would not have his rights affected thereby, and his hypothecary action, as in this case, would interrupt prescription, where notices were served upon the third possessor under the act of sale by the assignee.

The property having passed out of the jurisdiction of the bankrupt court, it was useless to cite the assignee in a proceeding against the hypothecated property, because he had no interest therein; and it was also useless to cite the discharged bankrupt (the obligor), because he was no longer bound for the debt.

APPEAL from the Fourteenth Judicial District Court, parish of Morehouse. *Ray, J. Dunn, Newton & Hale,* for plaintiff. *J. & S. D. McEnery,* for defendant. *Richardson & McEnery,* for third opponents.

WYLY, J. In 1866 William D. Brigham bought from W. A. Parks one undivided third of the plantation known as the Parks' place, and to secure the notes given for the price, he gave a special mortgage with vendor's privilege on the property purchased. These notes were afterward transferred to the third opponent, Woodruff Norsworthy.

Brigham went into bankruptcy, and in 1869, Norton, his assignee, sold the land at bankrupt sale, free of all incumbrances. The plaintiff, James A. Willard, bought it, with some two thousand five hundred acres of other lands, for the price of $1600; and in a few days thereafter, sold the same to W. D. Brigham, the discharged bankrupt, for $4500, on credit, taking notes, secured by mortgage on the land. Brigham failed to pay these notes, and Willard foreclosed the mortgage, and proceeded to sell the hypothecated property, when Norsworthy, who had caused his mortgage to be rendered executory, filed a third opposition, claiming the proceeds. And this is the controversy now before the court.

The plaintiff, the purchaser at bankrupt sale, claims the funds because of his special mortgage and vendor's privilege, resulting from his sale to Brigham. Norsworthy claims the proceeds of the sale because of the prior special mortgage and vendor's privilege, securing the debt of Brigham to Parks, which, as before said, was transferred to him. Norsworthy held the first mortgage and vendor's privilege on the undivided third of the Parks place when Brigham surrendered it in bankruptcy. He never proved his claim against Brigham, nor did he make any appearance in the bankrupt proceedings. Willard claims, however, that this mortgage was extinguished by the sale of the property in bankruptcy, sold by order of the court free of incumbrances, and by the cancellation of this mortgage on the records of Morehouse parish, by order of the United States District Court sitting in bankruptcy. The important questions are:

*First*—Whether the United States Court sitting in bankruptcy had authority, under the bankrupt law of second of March, 1867, to order the sale of the property in question free of prior incumbrances?

*Second*—If the court had the authority, have the requirements of law been observed so as to remove the special mortgage and vendor's privilege set up by Woodruff Norsworthy, the third opponent in this case?

On the first point we find no difficulty. The provisions of the bankrupt act of 1841 were similar in this respect to the one now in force, and the Supreme Court of the United States have frequently held that the property of a bankrupt may be sold free of incumbrances by order of the bankrupt court. And the same has been decided by this court. 5 R. 27, 49; 6 R. 159; 3 Howard, 296, 426; 6 Howard, 486.

In order, however, to sell property free of incumbrances, the assignee must apply to the bankrupt court for an order to that effect, and must set forth the facts that justify the order, that the judge may decide whether the application should be granted. "As this proceeding specially affects the rights of the secured creditor, he must be properly notified and summoned to appear and protect his interests. This is

done by passing an order to show cause, and directing that a copy of such order and of the petition be served upon him." Bump on Bankruptcy, sixth edition, p. 151, and authorities there cited.

In the case before us we do not find that Norsworthy was properly notified, or was legally made a party to the proceeding resulting in the order to sell the property in question free of his prior mortgage. Not being a party to the proceedings, his rights are unaffected thereby.

There is no force in the objection that the hypothecary proceedings of Norsworthy did not interrupt the prescription of the notes. Notices of the proceeding were served upon the third possessor. The property had passed out of the jurisdiction of the bankrupt court; therefore it was useless to cite the assignee in a proceeding against the hypothecated property, because he had no interest therein. It was useless to cite the discharged bankrupt, the obligor, because he was no longer bound for the debt. The only right remaining to Norsworthy was a hypothecary right against the property. We regard his proceeding as a hypothecary action, and the notice served in this case interrupted prescription.

The other objections urged by the appellants are without weight.

It is therefore ordered that the judgment herein in favor of the third opponent be affirmed with costs.

Carried by writ of error to the Supreme Court of the United States.