JOHN F. CHADBOURNE, appellant, *vs.* DANIEL W. HARDING.

Somerset. Opinion November 19, 1888.

*Insolvent law. Preferences. Partnership.*

When two debtors are in insolvency as a firm and also individually, and one has assets exceeding his own private indebtedness, a firm creditor is interested in the private estate of the solvent partner, and may contest the allowance of claims against such estate, presented by other creditors.

The exchanging a note against an insolvent firm for the note of the individual members of the firm, within four months of the commencement of insolvency proceedings by the debtors, the result of which would give the creditor a larger dividend on his debt than he would otherwise obtain, operates as a preference, and the substituted note cannot be legally allowed against the estates of the debtors.

On exceptions from the ruling of the presiding justice on appeal from insolvency court.

. Proof of debt by Daniel W. Harding, against the individual estate of Josiah Holbrook, who was a member of the firm of J. & C. D. Holbrook composed of himself and his son Cyrus D. Holbrook, against whom insolvency proceedings were instituted November 2, 1886.

The appellant John F. Chadbourne, was a firm creditor, and appealed from the allowance by the court of insolvency of the claim of Harding against the individual estate of Josiah Holbrook.

It was objected that Chadbourne, being only a firm creditor, had no right of appeal under the statute, from a claim allowed against the individual estate of one co-partner in the firm. This objection the court considered not well taken, inasmuch as the individual assets of Josiah Holbrook were shown to be more than sufficient to pay the individual creditors in full, and therefore overruled the same.

It appeared that on August 7, 1886, Harding received a promissory note for four hundred and eighty-two dollars and ninety-two cents, of that date, payable to his own order, on demand with interest, signed by C. D. Holbrook and Josiah Holbrook, which he claimed was given in renewal of a note dated in 1882 or 1883, and signed by the same parties for the sum of about four hundred dollars.

The appellant insisted that this note, within four months of the Holbrooks' insolvent proceedings, and in fraud of the insolvent law, was given in renewal of two notes: one, for one hundred dollars, signed by C. D. Holbrook and the other for three hundred dollars signed by the firm of J. & C. D. Holbrook, given for that sum loaned the firm.

The presiding justice ruled that the giving of these notes was a preference to which ruling the defendant excepted.

*Merrill and Coffin*, for plaintiff.

*Walton and Walton*, for defendant, claimed : 1st. That this was not a preference made void by the insolvent law. 2nd. That a firm creditor should not be heard objecting to a claim against an individual estate. 3rd. That proof was properly made against the individual estate of Josiah Holbrook.

Section 29 of c. 70, R. S., must be construed in connection with § § 33, 46 and 52 of the same chapter and is of no wider scope and extent than they. "All these provisions relate to the same subject matter, the property, and all three aim to protect property of insolvents from fraudulent disposals." Bump. on Bankruptcy, (9th, ed.) pp. 837, 795, 636-7, 397.

In a careful examination of authorities we find no transaction pronounced invalid except where there was either a *nudum pactum* contract or the obtaining of property of the debtors and in a direct manner.

We submit that a preference must have to do directly with property and in a direct manner and that a giving of credit which may change the legal mode of proof in insolvency, is not embraced in the prohibition of the insolvent act.

Appellant, being a creditor of the firm, has no right of appeal from the decision of the judge of the court of insolvency. *George* v. *Grant*, 28 Hun. (N. Y.) 169 ; *Ex parte Whiting*, 14 Nat'l Ban. Reg. 307.

We contend that the insolvent law makes void, not a transaction which ultimately works out a preference, but the giving of a present preference by the turning out, the transfer, or conveyance, or the giving of security, upon property.

There being full consideration for Josiah Holbrook's signing his name to the note offered for proof, the old notes not being paid by any money or property of the firm or either of its members, and no provision of the insolvent law making it invalid, especially upon the objection of firm creditors proof was rightly made against the individual estate of Josiah Hoolbrook. It was improperly expunged and the exceptions should be sustained.

PETERS, C. J. It appears, as found by the judge at *nisi prius*, that two debtors are in insolvency as partners and also individually; that the partnership assets are small, but that the private assets of one of the partners are enough to pay all his own liabilities and leave a surplus to be applied on the liabilities of the firm; that a creditor of the solvent partner denies that his own claim can be contested by another creditor whose claim is against the partnership estate only; and whether the one creditor is or not entitled to resist the other creditor's alleged claim is one of the questions presented.

We have no doubt that the contesting creditor has such right. Although a direct creditor of the firm only, he has an interest in having all the estates comprehended in the insolvency proceeding turn out as large as possible. The more the individual assets may be, the larger the dividend to be received on his debt. His pecuniary interest in the solvent individual estate may be even more in amount than that of some of the creditors whose claims are against the debtors personally.

It also appears, as further found by the judge, that the note, which is the subject of controversy in this case, was given, within four months of the institution of the insolvency proceedings, by the two insolvents personally in exchange for two other notes, on one of which only the partnership was holden, and on the other only the partner who individually has no assets whatever; and that the exchange of notes was made for the fraudulent purpose of giving to the claimant a better standing when his debt should be proved in the insolvency proceedings. It is plain to be seen that upon the proof of the old notes the creditor could receive but a small dividend, while upon proof of the substituted note he would receive his claim in full. The judge ruled, on this finding of fact, that the transaction amounted to a preference, such as is inhibited by the statute, and rejected the claim wholly. The ruling was right.

The excepting party contends that merely making a written promise is not the transfer of any property, that it does not convey the thing promised, and that the statutory provisions touching preferences refer to the conveyance or transference of

some material or tangible thing. If this should be the correct view of the law, it would be easy to practice a class of frauds upon insolvent estates, with no power in the court of insolvency to prevent them. If the note were allowed, its collection would be a transfer of the very thing promised.

It is true that the statutory provision does not hit such a case in very express terms, and for the reason that the contrivance resorted to by these parties is so uncommon and novel as not to have been foreseen by the framers of the statutes. But we think that the transaction is comprehended by the spirit and purpose of the law, and practically enough within its literal provisions. Section 29, c. 70, R. S., in general terms prohibits preferences, and other sections of the insolvency chapter are declaratory of the same idea. By section 33, money may be recovered back, mortgages annulled, and attachments dissolved, under certain conditions which are prescribed to prevent preferences, and it would be a strange result if money fraudulently or improperly paid and received in contemplation of bankruptcy, may be recovered back, and still a note fraudulently given by the insolvent for the payment of money be legally enforced.

The common definition of preference, as found in law dictionaries, is, the paying or securing to one or more of his creditors, by an insolvent debtor, the whole or a part of their claims, to the exclusion of the rest. A note is property. The note in question was given in payment of or as security for other notes, and represents a lien on the insolvents' estates which did not exist before. It undertakes to secure the creditor as he was not secured before. Allowing an attorney of an attaching creditor to take judgment which would give that claim a privilege over claims not in judgment, is giving a preference. *Eastman* v. *Eveleth*, 4 Met. 137. If paying money would be wrongful, certainly the giving a promise to pay the money would not be right, and a note given for such purpose, would be void as against creditors. If the money paid can be recovered back for the benefit of the estate, a note given for the money cannot be

collected against the estate. If the ruling does not cancel a fraudulent transfer, it prevents one.

Counsel complains that by the ruling his client loses his original notes. It was not so ruled. It was ruled that he could not prove and collect the new note. The other question does not arise in this controversy.

*Exceptions overruled.*

WALTON, VIRGIN, LIBBEY, EMERY and FOSTER, JJ., concurred.