**LEVY v. KIRWIN, Appellant**

---

(March 28, 1927. Opinion and Decree.)
(April 11, 1927. Rehearing Refused.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Warehousemen and Warehouse Receipts—Par. 6, 8; Evidence—Par. 58, 59.**

A depositary for hire who fails to return the thing deposited must show, in order to escape liability that he was prevented by inevitable accident or irresistible force.

2. **Louisiana Digest — Warehousemen and Warehouse Receipts—Par. 6.**

The extent of his liability is such sum as would enable the depositor to buy another thing of the kind and quality deposited.

Appeal from Civil District Court, Division "F". Hon. Percy Saint, Judge.

Action by Henry Levy against John F. Kirwin.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Louis L. Morgan, Thos. E. Furlow, of New Orleans, attorneys for plaintiff, appellee.

Jos. A. Casey, of New Orleans, attorney for defendant, appellant.

CLAIBORNE, J. The plaintiff claims the value of an automobile deposited with the defendant.

He alleged that the defendant was conducting a garage; that on May 8, 1923, he agreed with said defendant to store his Ford car in his garage for $7.50 per month; that it remained there until July 8, 1923, when it was stolen from said garage; that the loss was caused by the gross negligence of the defendant; that his car with two shock absorbers was worth $436.00, for which he claims judgment against the defendant.

The defendant answered that he was "the lessee of the garage" and that he sublets portions thereof, and that "he did sublet space in said garage to plaintiff". He denied all the other allegations of the petition.

There was judgment for plaintiff and defendant has appealed. -

The defendant's position is that "the relation existing between the defendant and the plaintiff, under the facts disclosed in the case, is that of landlord and tenant".

In this we think he is mistaken. In the contract of lease and essential element is "the thing". C. C. 2670 (2640).

In the present case there is no particular thing or space leased. The only right granted is one to occupy a space in the garage which is not occupied by another, some days one space, other days another space which might happen to be vacant.

The plaintiff was asked:

"Q. When you made your arrangement with Kerwin did he assign to you some particular portion of the floor space at his garage in which you should put your car?

"A. No, sir."

The defendant kept a watchman at his garage at night, and men in the daytime.

It was a deposit for hire. C. C. 2926 (2897):

"A deposit in general is an act by which a person receives the property of another, binding himself to preserve it and return it in kind."

C. C. 2929 (2900):

"The deposit is essentially gratuitous. If the person with whom the deposit is made receives a compensation, it is no longer a deposit, but a hiring."

C. C. 2937 (2908):

"The depositary is bound to use the same diligence in preserving the deposit that he uses in preserving his own property."

C. C. 2938 (2909):

"The provision in the preceding articles is to be rigorously enforced: 1st and 2nd. If it has been agreed that he shall have a reward for preserving the deposit."

There are several kinds of deposits; that which is made with innkeepers, agisters of cattle, wharfingers, warehousemen and others. These are called bailments at common law. 1 Story 1, 3.

"A hiring," called in the civil law "locatio conductio", is a bailment always for a reward or compensation. It is divisible into four parts: 1st 2nd, 3rd. "The hiring of care and services to be performed or bestowed on the thing delivered." Story, S. 8.

This precise case was decided by the Court of Appeal of the Second Circuit in Hartford Fire Ins. Co. vs. Doll, 5 La. App. 226, 14 Advance Rep., where a depositary of automobiles was held liable for the value of a car stolen while in his custody. The defendant in this case argues that Doll was held liable only because of the special contract written across the receipt which he had given for the car in these words: "We will endeavor to protect your car from all trespassing while parked with us." But the court said:

"It is contended by defendant that he assumed no special obligation to protect and restore this car, but we think he did. The printed receipt or coupon evidences that fact. But even if he (it) did not, he is still liable under the general law of bailment in which there is an implied obligation on the part of the bailee to keep and return the property; and unless it is shown that the property was lost without negligence on his part, he is liable for its value." Quoting 26 A. L. R. 224, and many cases from our Supreme Court. See also 12 Orl. App. 341; Marr vs. Barnes, 1 Rob. 190; Dunn & Yates vs. Branner, 13 La. Ann. 452; Boyd vs. Estis, 11 La. Ann. 704; Clark vs. Hebert, 15 La. Ann. 280; Kauffman vs. Baer, 21 La. Ann. 601; Willard vs. Norsworthy, 25 La. Ann. 601.

The case of Berry vs. Marix, 16 A. 248, upon which defendant relies, is easily differentiated. In that case the defendant was a livery stable keeper; he rented several stalls to the plaintiff for a stipulated price; the plaintiff furnished the provender and kept an employee in the stable to take charge of his horses. The court held that the object of the contract was not the horses but the stables; and that the defendant was the lessee of the stables; and had nothing to do with the horses. "Having no control over the horses," said the court, "which were, by the agreement, under the sole care and charge of the other employee, it follows that he cannot be called upon to deliver them to the owner or to make up the loss." But in the case under consideration the defendant had not leased any particular stall to the plaintiff. The contract between them was one by which the defendant assumed care of plaintiffs auto in his garage and obligated himself to deliver it to plaintiff on demand.

The evidence is that plaintiff bought his car on April 17 and the defendant failed to return it on July 8 of the same year, a period of less than three months, and that he paid for it $436.00. The defendant pleads a reduction of the amount claimed on the ground of intrinsic depreciation. There is no evidence that the car was damaged in any manner greater than ordinary wear and tear. The obligation of the defendant was to pay to the plaintiff such a sum as would buy another car of the same kind in the same condition. C. C. 2152. There is no evidence that he could have bought one for less than $436.00.