HARDY, Judge.
This is an action by plaintiff corporation for the recovery of the sum of $565.66, representing the amount of contributions and interest covering a period beginning with the third quarter of the year 1959 and continuing through the fourth quarter of the year 1961. The amount in question was assessed by the defendant administrator against the plaintiff as an employer under the provisions of the Louisiana Employment Security Law, LSA-R.S. 22:1471 et seq., and was paid under protest. From judgment in favor of plaintiff in the sum of $332.80, being the amount of the assessments for the years 1959 and 1960, the defendant administrator has appealed.
The case was tried on a stipulation of facts. Plaintiff association began business on July 1, 1959, and during its operations for the calendar years 1959 and 1960 did not, at any time, employ the services of as many as four paid employees for a period which would have brought it within the application of the statute. However, the defendant administrator ruled that three officers of plaintiff association, namely, the President, Vice-President and Treasurer, should be considered as employees, despite the fact that they received no remuneration for their services as officers, and, in fact, were otherwise employed or self-employed. Under this ruling the addition of the officers to the number of paid employees had the effect of bringing plaintiff within the application of the Act under the definition of “employer” as set forth in LSA-R.S. 23:1472(11), which reads as follows:
“(a) With respect to the calendar year 1941 and each calendar year thereafter, any employing unit which in each of twenty different weeks within either the current or the preceding calendar year, whether or not such weeks are or were consecutive, has or had in employment four or more individuals * * *.” (Emphasis supplied)
The issue may be simply stated in the form of a question, viz., should the officers of a corporation, performing nominal services without compensation or remuneration of any nature, be considered as employees under the provisions of the statute?
The question is res nova in this State and has not heretofore been considered by our courts.
The ruling of the defendant administrator is supported by an opinion of the Attorney General of the State of Louisiana rendered on May 17, 1937, shortly after the enactment of the statute under consideration. The gist of the opinion was that the statute included as employees, under the definition in Section 18(g) thereof, all individuals who performed services (1) for wages, or (2) under any contract, whether written or oral, express or implied.
The opinion concluded that officers of a corporation serving without compensation came within the second classification as above stated.
*430 It is important to note that the definition of employment under Section 18(g) of the Act, which is now identified as LSA-R.S. 23:1472(12), par. A, contained words which were inadvertently omitted in the definition used in the opinion. The exact quotation of the statutory definition reads as follows:
“ ‘Employment’ means, subject to the other provisions of this Subsection, any service including service in interstate commerce, performed for wages or under any contract of hire, written or oral, express or implied.” (Emphasis supplied)
We do not find any interpretation of the phrase “contract of hire” in the jurisprudence of Louisiana. However, the identical issue which is here under consideration was determined by the Supreme Court of New Jersey in Miller Auto Gear & Parts Co., Inc. v. Unemployment Compensation Commission, 132 N.J.L. 34, 38 A.2d 292, and in the course of the opinion, with reference to the phrase “Contract of hire”, the court declared:
“The element of price or reward is inherent in the- word ‘hire.’ A contract of hire, therefore, would be a most unusual undertaking if it did not involve something by way of recompense; and we think that no such unusual use of words was intended by the legislature in this instance.”
In support of the above conclusion, we would add that every dictionary designation of the word “hire”, both noun and verb, specifically comprehends the element of a price or compensation; cf. Webster’s New International Dictionary, Second Edition, and Black’s Law Dictionary, Fourth Edition, verbo “hire”. This definition is supported by a number of cases cited in 19 Words and Phrases, Permanent Edition, verbo “hire”, among which is included Munson v. Blaise (La.App.Orleans, 1943), 12 So.2d 623.
Both the Munson case, supra, and the case of Levy v. Kirwin (Orleans, 1927), 6 La.App. 93, analogize the relationship of “bailment” under the common law to “a. hiring” or a “compensated deposit” in. Civil Law. LSA-C.C. art. 2929 makes a distinction between a “deposit” as essentially gratuitous, and a “hiring” as a contract requiring compensation.
The general purpose of our statute was designed to lighten the burden of unemployment, and one of the provisions to this end was declared to be the systematic accumulation of funds during periods of employment in order to provide benefit for periods of unemployment; LSA-R.S. 23:1471.
It is pertinent to consider that the officers who have been included as employees under the administrative interpretation and regulation would not be entitled to any benefits under the statute. Inasmuch as these officers received no compensation during periods of “employment” they would not be protected during periods of “unemployment”.
We are convinced that the officers of plaintiff’s corporation should not be considered as employees.
Before this court counsel for defendant strenuously urge that great weight should be given to the long and consistent administrative construction of the statute to the effect that officers are counted as. employees without regard for the fact that they are not compensated or remunerated for their services. We willingly concede the well-established rule of contemporaneous construction of statutes that an interpretation by an administrative agency of government should be accepted by the court if it is reasonable and equitable. With respect to the issue presented in this, case, we consider that the interpretation is neither reasonable nor equitable.
For the reasons assigned the judgment: appealed from is affirmed.