BARNETTE, Judge.
Plaintiff Angelo J. Sciortino, doing business as International Hair Design Institute,, sought and obtained a preliminary writ of injunction against defendant, the State Board of Cosmetology, restraining the-Board from revoking plaintiff’s license to-operate a school of cosmetology. Defendant has appealed from the issuance of the-writ.
On March 3, 1966, the Board notified-plaintiff by mail that, pursuant to LSA-R.S. 37:514, the Board would conduct a formal' public hearing in New Orleans on March-28, 1966, on charges that he had violated LSA-R.S. 37:519 by attempting to obtain certificates of registration for four named, individuals by fraudulent misrepresentation-of accredited hours earned by the individuals.
As a result of the hearing, the Board' found that plaintiff “did willfully and intentionally attempt to defraud and mislead”' the Board by crediting hours of schooling to the four named individuals during times-when the students were not in attendance at *411 the school. It further found that in three •of the four cases plaintiff attempted to persuade the student to apply to he examined for a certificate of registration as a cosmetologist. Based on these findings of fact, the Board declared that plaintiff’s license to operate a school of cosmetology was revoked and that the revocation was •to take effect on April 15, 1966.
Plaintiff filed his petition in the Civil District Court for the Parish of Orleans •on April 12, 1966, praying for a temporary restraining order and for preliminary and final injunctions restraining and enjoining the Board from revoking plaintiff’s school license. The temporary restraining order was issued, and, after a hearing, the preliminary injunction was granted. In his written reasons for judgment, the trial judge found that plaintiff had not violated LSA-R.S. 37:519.
LSA-R.S. 37:519. provides:
“No person shall obtain or attempt to obtain a certificate of registration for money, or for any other thing of value by fraudulent misrepresentation.”
LSA-R.S. 37:513 provides in part:
“The board may refuse to issue or renew or may suspend or revoke any certificate of registration for any of the following causes:
******
“(2) The obtaining of, or an attempt to ■obtain, a certificate of registration for money, or for any other thing of value or by fraudulent misrepresentations *
In considering the action of the Roard in this case, we are limited by our jurisprudential rules concerning review of actions by administrative agencies. In State ex rel. Rathe v. Jefferson Parish School Bd., 206 La. 317, 362-363, 19 So.2d 153, 167-168 (1944), the Supreme Court said:
“ * * * It is indisputable that the jurisprudence of this State is settled beyond doubt that where a statute creates a Board and grants to it certain administrative and executive functions and responsibilities, the courts will not interfere with the bona fide judgment of the Board based upon substantial evidence. It is only where the complainant shows there has been an invasion of his rights by the Board exceeding its powers or doing him an injustice that the courts have set aside the actions of the Board. * * * ”
In Chantlin v. Acadia Parish School Bd., 100 So.2d 908, 910-911 (La.App. 1st Cir. 1958), the court said:
“ * * * When there is a rational basis for an administrative board’s discretionary determinations, which are supported by substantial evidence insofar as factually required, the court has no right to substitute its judgment for the administrative board’s or to interfere with the latter’s bona fide exercise of its discretion. * * * ”
 There are two determinations to be made by an agency in taking action of the nature involved here. One is the finding of facts relevant to the issue. This finding will not be disturbed so long as there is substantial evidence to support it. Plantation Anhydrous Ammonia Corp. v. Anhydrous Ammonia Comm’n, 234 La. 869, 101 So.2d 699 (1958); Peshoff v. Firemen’s Pension & Relief Fund, 167 So.2d 197 (La. App. 3d Cir. 1964); Chantlin v. Acadia Parish School Bd., supra. The other determination to be made by the agency consists of applying the law to the facts found. In this regard, the agency must act in a manner that is legally permissible and not arbitrary or capricious. Lewing v. De Soto Parish School Bd., 238 La. 43, 113 So.2d 462 (1959); State ex rel. Rathe v. Jefferson Parish School Bd., supra; Moffett v. Calcasieu Parish School Bd., 179 So.2d 537 (La.App. 3d Cir. 1965); Ouachita Fed. Sav. & Loan Ass’n v. Brown, 175 So.2d 428 (La.App. 2d Cir. 1965); State ex rel. Carter v. Louisiana State Bd. of Dentistry, 90 So.2d 899 (La.App. 1st Cir. 1956).
*412 In this case the State Board of Cosmetology was clearly within its discretionary limits in finding as a fact that plaintiff submitted false attendance reports for four students. The Board’s record of the proceedings at the hearing shows that two investigators for the Board inspected plaintiff’s school on four dates and reported that the four students whose attendance was at issue were not present on those dates. Plaintiff’s reports of hours of attendance which were filed weekly with the Board show hours credited to the students during the periods in question. Two of the students testified that they did not attend the school as plaintiff reported. A letter from the Acting Superintendent of East Louisiana State Hospital in Jackson showed that another of the students was an inmate at that institution during the time in question. The fact that the fourth student was not present at the times reported by plaintiff was established by submission of her written statement to that effect.
The evidence that plaintiff attempted to persuade three of the students to apply to take the Board’s examination is meager, but, nonetheless, we cannot say that the Board’s finding that he did so was so unfounded as to warrant us to substitute our own judgment. The mother of one student testified that plaintiff called their home and told her that he would approve her daughter’s hours so she could take the Board’s examination. Another student testified that plaintiff advised her she was ready to take the examination. The student whose written statement was submitted stated therein that plaintiff told her to prepare to take the examination. From this evidence it was reasonably possible for the Board to conclude that plaintiff attempted to persuade the three students to apply to take the examination.
Discussion of the Board’s action in applying provisions of the Cosmetology Act, LSA-R.S. 37:491-37:556, to the facts can be facilitated by quoting one of the Board’s findings of fact:
“Angelo J. Sciortino, doing business as International Hair Design Institute, did willfully and intentionally attempt to defraud and mislead the Louisiana State Board of Cosmetology by crediting hours of schooling in the International Hair Design Institute to one Anna Gates during the months of June, July, August, October, November and December of 1965, at which time the said Anna Gates was not present in attendance for schooling at the International Hair Design Institute. Further that the said Angelo J. Sciortino did attempt by persuasion to' cause the said Anna Gates to apply for examination for a certificate of registration as a cosmetologist by claiming that she was entitled to take such examination by virtue of said hours falsely and fraudulently submitted.”
The same language was used in two other findings except for the names and dates involved. The findings in regard to the fourth student omit the statement about the attempt to persuade.
Based on these findings, the Board made the following ruling:
“The Louisiana State Board of Cosmetology at formal hearing duly had did find the said Angelo J. Sciortino guilty of the afore-stated acts in violation of RS 37:519, it is determined that the school license currently issued to the International Hair Design Institute, located at 922^4 Canal Street, New Orleans, Louisiana, shall be revoked and cancelled as of midnight, April 15, 1966, from which date and time no student hours shall be accredited to any person for attendance at the said International Hair Design Institute.”
We cannot agree that the evidence supports the Board’s conclusion that plaintiff violated LSA-R.S. 37:519. Sec *413 tion 519 requires three elements to constitute a violation. These are:
(1) an attempt to obtain a certificate
(2) for money, or for any other thing of value
(3) by fraudulent misrepresentation.[1]
We are of the opinion that the facts on which the Board relied to find the first element of the offense, an attempt to obtain a certificate of registration, are insufficient under a fair reading of the statute. He made no application or overture to the Board, either for himself or for any of his students. Even his “persuasion” of his students was directed toward their taking an examination, not toward registration.
There is absolutely no evidence to support a conclusion that the second element, “for money, or for any other thing of value,” has been established. During oral argument counsel for the Board suggested that plaintiff would benefit financially from having his students registered so that he could collect some type of deferred tuition payments. Plaintiff’s counsel countered with the argument that plaintiff benefited from having the students remain in school since he collected fees from their practice customers. Suffice it to say that all of this is conjecture and is not supported by the record of the Board’s hearing.
The third element of a violation of § 519, fraudulent misrepresentation, is the only one of the three elements which the Board was justified in finding. It was established with some degree of certainty that the weekly attendance reports plaintiff submitted were, in fact, false. For two of the students, false reports were submitted' from May 1, 1965, to October 30, 1965, a total of 27 reports. Twenty-six incorrect reports were submitted in regard to a third student covering a period from July 3,. 1965, to December 25, 1965. Attendance was incorrectly reported for the fourth student eight times from July 3 to August 21, 1695. Thus plaintiff falsely reported hours of schooling in a total of 88 instances. The number of times it was done justifies a conclusion that plaintiff either knew of the incorrectness of the reports or made them in such reckless disregard of their truth that he should be charged with actual knowledge of their falsity. Plaintiff also-knew the natural, ordinary result which-would flow from such false statements— that is, that the Board would be deceived as-to the actual hours put in by the students— and, having such knowledge, he is legally held to have intended that result.
Since the evidence presented to-the Board would not sustain the legal conclusion that plaintiff had violated LSA-R.S. 37:519, the action of the Board in revoking-the license was properly enjoined by the-trial court. To revoke on this ground would' constitute an invasion of plaintiff’s vested property right in his license by arbitrary-action which exceeds the Board’s discretionary powers. State ex rel. Rathe v. Jefferson Parish School Bd., supra; Ouachita Fed. Sav. & Loan Ass’n v. Brown, supra.
For the foregoing reasons, the judgment appealed from is affirmed at appellant’s-cost.
Affirmed.

. We note that LSA-R.S. 37:513, the section which authorizes revocation of licenses, provides as one basis, therefor a clause worded exactly the same as § 519 with one significant difference. Section 513 states the third element of the offense as an alternative to the second element rather than as a conjunctive requirement. However, the Board selected § 519 as the basis of its action; and, since we are dealing with a quasi-penal statute, we must construe any ambiguity in favor of the alleged offender. State v. Christine, 239 La. 259, 118 So.2d 403 (1960).